943 F.2d 56
 1991 O.S.H.D. (CCH) P 29,457
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WESTERN TRUCK MANPOWER, INC., Petitioner,
v.
U.S. DEPARTMENT OF LABOR, Respondent.
 No. 90-70430.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 16, 1991.
Decided Sept. 6, 1991.
 
 1
 Before WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges, and KING, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 This case is before us on a petition for review of a final order of the Secretary of Labor determining that Western Truck Manpower, Inc. (Western) violated section 2305(b) of the Surface Transportation Assistance Act of 1982 (STAA), 49 U.S.C. § 2305(b) (Supp.1991). We have jurisdiction pursuant to 49 U.S.C. § 2305(d)(1) (Supp.1991). We vacate the Secretary's decision and remand for further proceedings.
 
 
 4
 * Western Truck Manpower, Inc. operates as a leasing agent for truck drivers. Beginning March 1976, Western leased the services of Hubert Palmer to Ryerson Steel. The Secretary determined that at all relevant times Western and Ryerson were "joint employers" of Palmer. Western does not contest this determination on appeal.
 
 
 5
 On February 14, 1984, Palmer refused to drive a Ryerson truck that he believed was loaded unsafely. Soon after the incident, Ryerson informed Western that it would no longer accept Palmer's services. Having received this communication, Western notified Palmer that he was removed from duty as a Western-leased driver based at Ryerson.
 
 
 6
 Section 2305(b) of the STAA prohibits discrimination against an employee for refusing to operate a vehicle he or she reasonably believes is unsafe. In November 1984, Palmer filed a complaint of discrimination against his employers with the Secretary of Labor under section 2305(b).
 
 
 7
 In the proceedings before the Secretary, Western argued that: (1) Palmer's conduct was not protected under the STAA because his safety concerns were not reasonable; (2) Western was not liable for Ryerson's conduct because the two firms could not be considered joint employers under the Act; and (3) Western could not have discriminated against Palmer because it had no authority to return Palmer to duty with Ryerson.
 
 
 8
 Western lost on all three issues and the Secretary awarded damages.
 
 II
 
 9
 Western does not contest the Secretary's determinations that Palmer's conduct was protected under the Act and that Western and Ryerson were joint employers. Western's argument is that the Secretary erred in finding that it had discriminated against Palmer without applying the "knowing participation" standard articulated in Carrier Corp. v. NLRB, 768 F.2d 778, 783 (6th Cir.1985). According to Western, it should not have been held liable under the STAA because it was not a knowing participant in Ryerson's discriminatory conduct. In response, the Secretary argues that Western's failure to point to the "knowing participation" requirement in the administrative proceeding constitutes a waiver of its right to advance the argument on appeal. Western counters that it did argue to the Secretary that it could not be found to have discriminated against Palmer in October 1984 because it had no authority to return Palmer to duty with Ryerson. Western proposes that implicit in this argument is the claim that additional involvement in the Ryerson decision, and not mere joint employer status, was necessary to impose liability upon Western.
 
 
 10
 The only issue here is whether Western's submissions below can be viewed as having constructively raised the "knowing participation" requirement. Western has the better of the argument. Western's mere failure to recite a case name does not constitute waiver of its right to have the Secretary apply the legal principle established in that case. Stated differently, Western's right to seek judicial review cannot turn on the question whether it invoked the magic words. Western clearly argued that mere joint employer status is not sufficient for liability under the Act and that additional factors must be shown. Because this argument encompasses the "knowing participation" requirement, we reject the government's exhaustion rule objection.
 
 III
 
 11
 Having decided that Western is not precluded from arguing that the "knowing participation" requirement applies to joint employer liability under the STAA, we are now faced with the questions whether there is such a requirement under the STAA, and, if there is, whether Western was a "knowing participant" in Ryerson's conduct. Because the Secretary has ruled on neither of these questions, we refrain from addressing either of them at this time in order to give the Secretary the first opportunity to address them. Accordingly, we VACATE the Secretary's decision and REMAND for further proceedings.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3